PHILIP D. KINGMAN & another *vs.* LORING TIRRELL.

A party who has refused, at the trial of a case, to produce, on notice, a paper in his posses-
sion, cannot be allowed to introduce it in evidence, after secondary evidence of its con-
tents has been introduced by the adverse party; nevertheless a new trial will not be
granted on account of his being allowed to introduce it in evidence under these circum-
stances, if it appears that the adverse party was not prejudiced thereby.

One who puts in evidence a note with indorsements may show that the indorsements were
not correct.

In an action by the assignees of an insolvent debtor to recover back instalments of money
paid by the debtor, by way of preference, to a preëxisting creditor, at several times after
an urgent demand of payment by the latter, a verdict for the defendant will not be set
aside because the judge refused to rule, as matter of law, that the debtor's failure to pay
the note at or about the time he was called on to do so, and his continued failure to pay
it, constituted insolvency, and were sufficient "reasonable cause," within the meaning
of the statute, to lead the creditor to believe him insolvent; or to rule that the plaintiffs
must satisfy the jury that the defendant had reasonable cause to believe that the debtor
intended to prefer him.

CONTRACT brought by the assignees of Caleb Poole, Jr., an
insolvent debtor, to recover back payments made by him to the
defendant, upon a promissory note, in violation of the provisions
of the insolvent law. The answer admitted the existence and
set forth a copy of a note of $500, given by Poole to the defend-
ant, dated May 7th 1861, with indorsements thereon, amount-
ing to $400, to wit, $200 indorsed on February 27th 1863;
$100 on March 1st 1863; and $100 on March 7th 1863; and
averred that a portion of the amount of $200 was really paid
in July 1862, and denied that these payments were made or
received in violation of the insolvent laws.

At the trial in the superior court, before *Rockwell,* J., the
plaintiffs called on the defendant for the note referred to, having
previously given him notice to produce it; but the defendant de-
clined to produce it, assigning no reason therefor. The plaintiffs
were therefore obliged to call Poole, who testified that he gave
the note, and made payments thereon as follows: in November
1862, $50; in December 1862, $50; about March 1st 1863,
$100; and afterwards, in March 1863, two payments he thought
of $50 each. He also testified to facts showing that he was
then, and long before, deeply insolvent, but insisted that he did

not then know that he was insolvent, and did not make either of the payments in contemplation of insolvency. Poole's peti· tion in insolvency was filed on the 7th of April 1863; and it appeared that some of his bills for goods bought in Boston in the course of his business as a trader were overdue during six months prior to that date, and that he was occasionally called on for payment thereof. The plaintiffs also proved that in July 1862 the defendant said to Poole, with considerable earnestness, " that note had better be paid ;" and that thereupon Poole promised to pay it as soon as he could. Poole testified that he paid $100 soon afterwards.

The defendant, in opening his case, was about to read the note to the jury. The plaintiffs objected, but the objection was overruled. The note bore indorsements as set forth in the an-swer. The defendant was allowed to testify, under objection, that a portion of the sum of $200, indorsed February 27th 1863, was paid more than six months prior to the filing of the petition in insolvency.

The plaintiffs asked the court to instruct the jury that Poole's failure to pay the note at or about the time when the defendant called upon him to do so, or at least that his continued failure to pay it, as hereinbefore stated, constituted insolvency, and was sufficient " reasonable cause," within the meaning of the statute, to lead the defendant to believe him insolvent. The judge, in-stead of so ruling, instructed the jury that the plaintiffs must also satisfy them that the defendant had reasonable cause to be-lieve that Poole intended to prefer him; and that the fact alone of Poole's failure to pay, under the circumstances stated, would not prove that Poole intended to prefer him.

The jury returned a verdict for the defendant, and the plain· tiffs alleged exceptions.

*J. B. Harris*, for the plaintiffs.

*P. Simmons*, for the defendant.

HOAR, J. 1. We understand the rule of practice to be well settled, that if a party who has had notice to produce a paper at the trial refuses to do so, and the other party introduces sec-ondary evidence of its contents, the party so refusing cannot

afterwards produce the paper in evidence, either to contradict such secondary evidence, or in support of his own case. *Doe* v. *Cockell*, 6 C. & P. 525, 527. *Doe* v. *Hodgson*, 12 Ad. & El. 135. 1 Greenl. Ev. (10th ed.) § 560, *n.* 3. And the rule seems to be a just and reasonable one. It should not be permitted to a party to compel his adversary to avail himself of imperfect means of establishing a fact, the best evidence of which he chooses to prevent him from using; and then to avail himself of the proof which makes all other evidence useless. Any other rule would make it for the interest of a party in all cases to withhold important documents, with the certain reliance that he could in no event be prejudiced, and with a chance of obtaining an unfair advantage. For if the secondary evidence should prove the contents of the paper with complete exactness, the case would stand as well as if it had been produced. If it tended to show something more unfavorable to the other party than the exact truth would have done, the subsequent production of the paper itself would control and do away with the effect of it. And if the evidence fell short of establishing all which the paper contained adverse to the interests of the party who had it in his possession, he could allow the jury to be misled, and gain an advantage from evidence which he knew to be untrue.

But though the admission of the note in evidence for the defendant, after he had been notified by the plaintiffs to produce it, and had refused to do so, was irregular, it gives the plaintiffs no just ground of exception, unless it appears that they were prejudiced by it. *Burghardt* v. *Van Deusen*, 4 Allen, 374. *Hackett* v. *King*, 8 Allen, 144. The purpose of granting a new trial is not to obtain mere theoretical accuracy, but to secure substantial justice. And on examining the case carefully, we do not find that the plaintiffs were injured by the production of the note. They complain that they were obliged to call an adverse witness; but that was because the note was withheld, not because it was afterward shown to the jury. The plaintiffs wished to prove that payments were made upon the note within six months of the insolvency of the promisor; and to do this,

they wished to use the indorsements upon the note. The defendant had previously given a copy of the note, and set forth the indorsements upon it truly, in his answer. The note, when produced, tended to establish the fact which the plaintiffs sought to establish. It was better evidence for them than the evidence of their witness, and its production was a benefit rather than an injury.

2. That the defendant was not precluded from showing that the indorsements upon the note were not correct, because he had used it in evidence, is too plain to require the citation of authorities. The indorsement upon a note of payments of money is merely a receipt, and open to explanation or contradiction by parol.

3. The exception taken to the instructions given to the jury cannot be sustained. The failure of Poole to pay the debt due to the defendant would not necessarily, as a matter of law, constitute insolvency, or be notice to the defendant of insolvency; although it would be evidence tending to show it. And the instruction that the plaintiffs, in order to avoid the payments made upon the note, and recover them from the defendant, must not only show that they were made when the debtor was insolvent or in contemplation of insolvency, and when the defendant had reasonable cause to believe it, but also that the defendant had reasonable cause to believe that the debtor intended a preference, although not true as an abstract statement of the law, was correct as applied to the evidence in the case. The statute provides that, to avoid such payments, the defendant must have had reasonable cause to believe that they were made in fraud of the insolvent law, or in violation of its provisions. Gen. Sts. c. 118, §§ 89, 91. But the only violation of the provisions of the insolvent law which the plaintiffs charged or attempted to prove, or of which there was any evidence, was an intention to prefer the defendant. There was, therefore, no substantial error in directing the attention of the jury exclusively to that.

*Exceptions overruled.*